237 So.2d 146 (1970)
Terry Ray CASSODAY, Petitioner,
v.
STATE of Florida, Respondent.
No. 39563.
Supreme Court of Florida.
July 1, 1970.
*147 Terry Ray Cassoday, in pro. per.
Earl Faircloth, Atty. Gen., and Michael J. Minerva, Asst. Atty. Gen., for respondent.
ADKINS, Justice.
By original proceedings in mandamus, petitioner, who was indigent at the time of conviction and is presently indigent, seeks to obtain a transcript of record of the trial proceedings, together with a copy of the warrant and information filed in his case. An alternative writ of manadmus was issued and the respondent State of Florida has filed its return to the alternative writ. The request for oral argument filed by the State is denied.
A transcript of record need not be provided just for perusal or curiosity, nor for the purpose of merely enabling the prisoner to comb the record in the hope of discovering some flaw. Washington v. Official Court Stenographer, 251 F. Supp. 945 (Pa. D.C. 1966); United States ex rel. Hansler v. Pennsylvania, 294 F. Supp. 542 (Pa. D.C. 1968); Wilson v. Wade, 390 F.2d 632 (Cal.C.C.A.9, 1968), cert. gr., 393 U.S. 1079, 89 S.Ct. 882, 21 L.Ed.2d 772, reversing the District Court on the merits but not passing on the question of whether the transcript should be furnished in habeas corpus proceeding.
An accused who does not appeal from his judgment of conviction and who does not move to vacate, set aside or correct his sentence, is not entitled to be supplied with a transcript of trial proceeding even though he may be indigent. Cowan v. State, 202 So.2d 831 (Fla.App.3d 1967).
If an appeal is pending, Rule 6.8, F.A.R., 32 F.S.A., provides for the trial court upon motion, to order the court reporter to transcribe the notes as requested. If the appealing defendant is adjudged insolvent, the county pays the cost of the transcript.
If a convicted indigent defendant seeks post-conviction relief under the provisions of Rule 1.850, Fla.Cr.Pr.R., 33 F.S.A., he would be entitled to have the State furnish a transcript of only that portion of the trial proceeding to which his motion was directed or concerned in the event he seeks an appeal from an adverse ruling. Harris v. State, 161 So.2d 885 (Fla.App.1st, 1964); Hall v. State, 165 So.2d 428 (Fla. App.1st, 1964); Gilliard v. State, 171 So.2d 902 (Fla.App.2d, 1965); Conyers v. State, 200 So.2d 821 (Fla.App.1st, 1967).
The petitioner does not allege that the trial transcript is pertinent to any pending appeal from the judgment of conviction or from an order denying a motion for post-conviction relief.
In Gardner v. California, 393 U.S. 367, 89 S.Ct. 580, 21 L.Ed.2d 601 (1969), the United States Supreme Court held that under California habeas corpus procedure the Constitution required the furnishing of a transcript of the original habeas corpus *148 proceeding to a petitioner who intended to file for a review of that proceeding in the Appellate Court. Under California procedure the judgment in habeas corpus was required to be reviewed by the filing of an original petition in the Appellate Court, and the Court analogized the California proceeding in the Appellate Court to an appeal from the denial of habeas corpus by the lower court. In other words, the basis for requiring the State to furnish a transcript of trial proceeding was the fact that the petitioner was seeking a review of his proceeding by an Appellate Court. This is similar to an appeal in Florida from an order denying a motion under Rule 1.850 and the holding of the Supreme Court is not contrary to the decisions of the Florida court.
In the case sub judice, there is no allegation that the transcript is necessary for appellate review, and the petitioner has shown no other reason for needing the transcript. Therefore, this Court should not require that one be furnished.
The alternative writ of mandamus is quashed and the petition is
Dismissed.
ERVIN, C.J., and ROBERTS, DREW, THORNAL, CARLTON and BOYD, JJ., concur.