483 So.2d 851 (1986)
Norvel L. DORCH, Appellant,
v.
STATE of Florida, Appellee.
No. BI-409.
District Court of Appeal of Florida, First District.
February 27, 1986.
*852 Norvel L. Dorch, pro se.
Jim Smith, Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Norvel Lee Dorch, presently in the custody of the Department of Corrections, appeals the trial court's denial of his motion for production of documents. The motion sought a copy of portions of his trial record and transcript at public expense. Dorch, an indigent, contends that in order to prepare a rule 3.850 motion for post-conviction relief with sufficient specificity to satisfy recent appellate decisions it is necessary for him to have an opportunity to review and use the trial record in preparing his motion. We believe that his request is premature, and affirm the trial court's order.
In Cassoday v. State, 237 So.2d 146 (Fla. 1970), the Court held that an indigent prisoner is entitled to a free copy of those portions of his trial record that relate to grounds raised in a rule 3.850 motion or to issues raised on appeal. In other words, for appellant to secure a copy of portions of his trial record at public expense he must first file a 3.850 motion setting forth his alleged grounds for relief. Only then may he secure those portions of the record relevant to his motion. Appellant aptly contends that this rule places him between the proverbial "rock and a hard place."
A number of decisions have denied rule 3.850 motions for failure to contain a sufficiently explicit statement of supporting facts. E.g., Fluker v. State, 474 So.2d 334 (Fla. 1st DCA 1985). Appellant contends that he needs certain portions of the record in order to accurately set forth the grounds of his motion. For example, appellant alleges that his trial counsel was a civil, rather than a criminal, lawyer and that he was responsible for numerous trial errors, such as allowing damaging inadmissible testimony into the record because he was unfamiliar with the rules of evidence, failing to properly prepare affirmative defenses, and failing to secure important witnesses for trial. In light of Cassoday, however, we are unable to agree that appellant is entitled to free portions of the record prior to filing his motion alleging his grounds for relief. He must simply do the best he can from his recollection of the trial. We do not pass upon the sufficiency of appellant's allegations of ineffective assistance of counsel.
AFFIRMED.
SMITH, THOMPSON and ZEHMER, JJ., concur.