DANAHY, Chief Judge.
Richard Jessop appeals the summary denial of his motion for postconviction relief, *826 his motion for rehearing, and the denial of his request for a free copy of the transcript of his plea hearing. He asserts that he was improperly sentenced on four counts of a six count information. We reverse.
Jessop alleges he was sentenced concurrently to twenty-one years on each of four counts of attempted sexual battery, but that the maximum permissible sentence was only fifteen years since the crimes were second-degree felonies; therefore his sentences should be reduced to fifteen years. A copy of the judgment of conviction attached to Jessop’s motion shows he pleaded guilty to six second-degree felonies including four counts of attempted sexual battery.
In its order denying Jessop’s motion for postconviction relief, the trial court states that Jessop’s claim is without merit because he was actually convicted on four counts of attempted sexual battery of a child under the age of eleven, a first-degree felony which carries a thirty-year maximum sentence; therefore the questioned sentences were each within the legal maximum. The court’s order refers to attached “copies of record” of an apparent revised judgment of conviction. None, however, could be found in the record.
Jessop’s motion for rehearing also refers to a copy of an amended judgment of conviction with the four counts of sexual battery changed to first-degree felonies. This judgment is not in the record. Nevertheless, Jessop argues that he pleaded guilty to second-degree felonies, not first-degree, and that a transcript of his plea hearing would reveal this. He requested but was denied a copy of the transcript of the plea hearing.
The trial court’s denial of Jessop’s motion was apparently based on information contained in Jessop’s files or records but no copy of such has been attached. We have no transcript of the plea hearing or anything else on which to base an adequate review of this case. Therefore, we must reverse the trial court’s denial of Jessop’s motion and remand this case for further proceedings. Fla.R.Crim.P. 3.850. See also Dorch v. State, 483 So.2d 851 (Fla. 1st DCA 1986); Toler v. State, 493 So.2d 849 (Fla. 1st DCA 1986). If Jessop wishes to appeal again, he must file a notice of appeal within thirty days of any new order denying his motion.
Reversed and remanded with directions.
RYDER and LEHAN, JJ., concur.