495 So.2d 282 (1986)
Steven Wayne CARR, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2190.
District Court of Appeal of Florida, Second District.
October 3, 1986.
LEHAN, Judge.
Steven Carr appeals the summary denial of his "motion for transcripts." Carr, an indigent prisoner, sought free copies of transcripts and other documents relative to his felony convictions to assist him in preparation of a motion for post-conviction relief. The trial court found that the motion "does not contain sufficient allegations to entitle movant [to the] relief requested." We affirm.
Indigents who wish to appeal their convictions are not required to pay the costs of preparing the record on appeal. However, "[a] transcript of record need not be provided just for perusal or curiosity, nor for the purpose of merely enabling the prisoner to comb the record in hope of discovering some flaw." Cassoday v. State, 237 So.2d 146, 147 (Fla. 1970). Rather, a prisoner seeking post-conviction relief must first prepare and file his motion before he may secure those portions of the record relevant to that motion. Dorch v. State, 483 So.2d 851 (Fla. 1st DCA 1986); Griffith v. State, 363 So.2d 622 (Fla. 1st DCA 1978). In preparing the motion "[h]e must simply do the best he can from his recollection of the trial." Dorch, 483 So.2d at 852.
Availability of a transcript is, accordingly, not necessary for the preparation of a legally sufficient motion for post-conviction relief. And Florida Rule of Criminal Procedure 3.850 and the forms at Rule 3.987, are designed to assist pro se filings without the requirement of legally precise pleadings or detailed legal memoranda. Allegations which constitute a prima facie showing of entitlement to relief generally will require an evidentiary hearing unless refuted by the record; the burden of combing the record in that regard is, of course, not on the defendant.
Affirmed.
RYDER, A.C.J., and CAMPBELL, J., concur.