588 So.2d 4 (1991)
Leonard William YANKE, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 91-01955, 91-01956.
District Court of Appeal of Florida, Second District.
September 20, 1991.
Rehearing Denied October 31, 1991.
*5 Leonard W. Yanke, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for respondent.
PER CURIAM.
After his convictions were affirmed on direct appeal and after several unsuccessful post-conviction motions and subsequent appeals, Yanke filed a petition for access to the state attorney's files and records pursuant to Chapter 119, Florida Statutes, otherwise known as the Public Records Act. The petition was accompanied by a motion to proceed in forma pauperis and asked that the files be forwarded to Yanke without copying or postage charges. The petition was dismissed and a motion for rehearing was denied. Although this matter was initiated as an appeal from the trial court's disposition, we treat it as one within our certiorari jurisdiction.
The issue here is not whether Yanke is entitled to access to the state attorney's files pursuant to the Public Records Act. Yanke admits that the state attorney has allowed him access but argues that he has "simultaneously denied him those records by requiring the payment of copying and postage related thereto, when he is insolvent." State v. Kokal, 562 So.2d 324 (Fla. 1990), relied on by Yanke, holds that after a conviction and sentence have become final some portions of the state attorney's criminal investigation files are subject to the Public Records Act. Kokal did not deal with copying or postage costs. Also, there is nothing in the Public Records Act itself which exempts indigents from the fee provisions of that act in section 119.07, Florida Statutes (1989).
The question remains as to whether Yanke is entitled to the documents free of charge under applicable principles of due process relating to a criminal proceeding. In Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986), we held that, although an indigent defendant has a right to transcripts without payment of costs for a direct appeal, there is no right to free transcripts for use in preparation of a post-conviction motion. The rationale of Carr would seem to apply, if anything more persuasively, where, as here, Yanke has already prosecuted his post-conviction motions and the related appeals and is not seeking the transcripts of his case but merely the files of the state attorney. We hold that there is no right to free copies of the criminal investigation files of the state attorney under these circumstances.
Therefore, the petitions for writ of certiorari are denied.
RYDER, A.C.J., and FRANK and PARKER, JJ., concur.