WOLF, Judge.
Appellant, Calvin Smith, appeals, pro se, the denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, without an evidentiary hearing. Smith’s motion for postconviction relief was based upon the ground that the court illegally sentenced him to consecutive mandatory minimum sentences for two counts contained in case number 81-4073.
The sentences imposed in that case were consecutive five-year terms for each of two counts. On sentencing forms, it is indicated that the three-year minimum provision of section 775.087(2), Florida Statutes, was to be imposed for both counts. The forms indicate that the sentences are to run consecutive to one another. It is unclear from the sentencing forms, however, whether the court intended for the three-year minimum mandatory sentences to run consecutive to one another or whether they were intended to run concurrent. It is also unclear whether the convictions in case number 81-4073 involved instances arising from the same criminal offense. The transcript of the sentencing hearing which was attached to the trial court’s order does not clarify these questions.
It appears that the appellant may have been given two consecutive minimum mandatory sentences in violation of the dictates of Palmer v. State, 438 So.2d 1 (Fla.1983), which holds that the imposition of consecutive mandatory minimum sentences arising out of the same criminal offense is illegal.
We are unable to determine from the record whether the minimum mandatory sentences imposed were illegal under Palmer. Accordingly, we remand this matter to the trial court for further proceedings consistent with this opinion.
BOOTH and KAHN, JJ., concur.