590 So.2d 1039 (1991)
Jaime WOOTTON, Appellant,
v.
Henry W. COOK, as Clerk of the Circuit Court for Duval County, Florida, Appellee.
No. 91-00757.
District Court of Appeal of Florida, First District.
December 17, 1991.
*1040 Jaime Wootton, pro se.
James L. Harrison, Gen. Counsel, and Steven E. Rohan, Deputy Gen. Counsel, Jacksonville, for appellee.
PER CURIAM.
This cause is before us on appeal from an order denying appellant's petition for writ of mandamus. At issue is whether mandamus should lie to compel appellee to correspond with appellant, a Department of Corrections inmate, and furnish him with a list of documents from a particular case file and a statement of charges for copying such documents.
Appellee's duty, as a custodian of public records, is set forth in Section 119.07(1)(a), Florida Statutes, which provides in pertinent part:
Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The custodian shall furnish a copy or a certified copy of the record upon payment of the fee prescribed by law or, if a fee is not prescribed by law, for duplicated copies of not more than 14 inches by 8 1/2 inches, upon payment of 15 cents per one-sided copy, and for all other copies, upon payment of the actual cost of duplication of the record. An agency may charge no more than an additional 5 cents for each two-sided duplicated copy. For purposes of this section, duplicated copies shall mean new copies produced by duplicating, as defined in s. 283.30. The phrase "actual cost of duplication" means the cost of the material and supplies used to duplicate the record, but it does not include the labor cost or overhead cost associated with such duplication.
We do not read the statute as requiring appellee to furnish appellant with a list of documents which may be responsive to some forthcoming request. See Seigle v. Barry, 422 So.2d 63, 65 (Fla. 4th DCA 1982), petition for review denied, 431 So.2d 988 (Fla. 1983) (records custodian need only make noncomputerized records available to a requestor in the format in which such records are kept).
Appellee must, however, make his records available to a requestor under reasonable conditions and must furnish copies of such records upon payment of copying costs. We hold that under the statute, appellee must respond to requests by mail for information as to copying costs. If a requestor identifies a record with sufficient specificity to permit appellee to identify it and forwards the appropriate fee, appellee must furnish by mail a copy of the record.
The order denying mandamus is affirmed.
BOOTH, SMITH and BARFIELD, JJ., concur.