593 So.2d 1148 (1992)
Michael CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1254.
District Court of Appeal of Florida, First District.
February 11, 1992.
*1149 Michael Campbell, pro se.
Robert A. Butterworth, Atty. Gen. and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Campbell appeals from an order of the trial court denying his motion to compel discovery of the file of the state attorney. Appellant asserts that since his conviction has become final he is entitled to the files pursuant to the public records law. In light of the supreme court's opinions in State v. Kokal, 562 So.2d 324 (Fla. 1990), and Mendyk v. State, 592 So.2d 1076 (Fla. 1992), we agree with appellant's contention to the extent that the files which are sought are subject to the public records law.
The appellant pled guilty in June of 1990 to two felonies. No appeal was filed. On or about March 4, 1991, appellant filed a "Motion to Compel Disclosure of the State's Files of the State Attorney." The style of the motion and the case numbers entered thereon linked the motion to appellant's judgments and sentences entered the previous year on June 11, 1990.
Attached to the motion as exhibit A was what was purported to be a "Request for Disclosure of the State Files Within Your Office." This request contained a statement "To the Office of James Appleman" and, again, case numbers from the convictions of June 11, 1990. The defendant asserted that he needed the records to support the potential motion for postconviction relief. No motion was pending at the time of the request.
The trial court denied the defendant's motion on the basis that defendant's attorney had received discovery before entry of the guilty plea and the defendant was not entitled to duplicate discovery. The fact that the defendant has received prior discovery does not preclude "disclosure" pursuant to the public records law.
In State v. Kokal, 562 So.2d 324 (Fla. 1990), the supreme court held, after a defendant's conviction, that the state attorney's file is subject to disclosure pursuant to the public records law. The court has also held that while a motion for postconviction relief is pending, the request for public records may be made as part of the pending criminal proceeding. See Mendyk v. State, supra, and Provenzano v. Dugger, 561 So.2d 541 (Fla. 1990). The court noted that allowing the request to be filed in a pending criminal proceeding would promote judicial economy and provide the defendant the opportunity to prosecute a motion for postconviction relief. Provenzano, supra at 547. While, in the instant case, no motion for postconviction relief has been filed, the request for the records is specifically related to such a motion. Utilizing the rationale of the supreme court in Mendyk and Provenzano, there is no legitimate reason for precluding the appellant from pursuing his request for the records in the instant case.
It is unclear from the supreme court's opinions, however, what remedies should be afforded a prisoner who is unrepresented and makes a public records request relating to a 3.850 motion. In Mendyk and Provenzano, the supreme court held that the appropriate remedy is disclosure; however, disclosure is not defined.
Several cases have held that a prisoner is entitled to no greater relief than other persons requesting relief pursuant to chapter 119, Florida Statutes. Wootton v. Cook, 590 So.2d 1039 (Fla. 1st DCA 1991); Yanke v. State, 588 So.2d 4 (Fla. 2nd DCA 1991). A prisoner, therefore, would not be entitled to copies of the records without paying reasonable copying costs (Wootton, supra; Yanke, supra), nor would the prisoner be entitled to a list of documents (Wootton, supra), nor would the custodian be required to provide the original file to the prisoner at the place of incarceration (see *1150 section 119.07(1)(a), Florida Statutes (1991), which provides that inspections shall be permitted at a reasonable time and under reasonable conditions).
It would appear that the appropriate relief would be for the trial court to enter an order that the prisoner not be denied access to the records pursuant to chapter 119, Florida Statutes. The prisoner then must make appropriate accommodation to secure the records.
Accordingly, we must reverse and remand the case to the trial court with instructions to enter an order consistent with this opinion.
We are unsure, however, as to the proper method of disclosure of public records to an unrepresented prisoner after the original criminal proceedings have been concluded. We, therefore, certify the following question to be one of great public importance:
WHAT IS THE APPROPRIATE METHOD OF DISCLOSURE OF PUBLIC RECORDS HELD BY THE STATE ATTORNEY OR CLERK OF THE COURT WHERE THE RECORDS ARE REQUESTED BY AN UNREPRESENTED PRISONER WHO SEEKS THE RECORDS IN CONJUNCTION WITH A MOTION FOR POSTCONVICTION RELIEF?
WIGGINTON and BARFIELD, JJ., concur.