PER CURIAM.
James Allen Roesch appeals the denial of his motion to compel the state attorney to “turn over” the contents of the file in his case pursuant to Chapter 119, the Public Records Act. We treat this matter as a petition for writ of certiorari. See Yanke v. State, 588 So.2d 4 (Fla. 2d DCA 1991).
The direct appeal from the appellant’s conviction and sentence was final at the time he filed the motion to compel. In his motion to compel, the appellant alleges that the state attorney has refused access to his file. Although the appellant has not yet filed a motion for postconviction relief, he alleges that the file will reveal that the state attorney had possession of evidence favorable to the appellant which it failed to disclose. The trial court denied the motion to compel, finding it was not the appropriate vehicle to accomplish the appellant’s objectives. We disagree.
After a conviction and sentence become final, the defendant is entitled to the portions of the state attorney’s criminal investigation file that are subject to the Public Records Act. State v. Kokal, 562 So.2d 324 (Fla.1990). While a motion for postconviction relief is pending, the defendant may request public records as part of that criminal proceeding. Mendyk v. State, 592 So.2d 1076 (Fla.1992); Provenzano v. Dugger, 561 So.2d 541 (Fla.1990). When a motion for postconviction relief has not yet been filed, but the request for public records is related to such a motion, the defendant is entitled to access to the public records. Campbell v. State, 593 So.2d 1148 (Fla. 1st DCA 1992). A defendant is not entitled to receive copies of the documents without paying for them in either of these circumstances. See Campbell; Yanke.
Because the motion to compel in this case is related to a motion for postconviction relief, we find that the trial court should have considered the merits of the request for disclosure of the state attorney’s file. Accordingly, we grant the petition for writ of certiorari and quash the trial court’s order denying the motion to compel, but certify, as was certified in Campbell v. State, the following question as one of great public importance:
WHAT IS THE APPROPRIATE METHOD OF DISCLOSURE OF PUBLIC RECORDS HELD BY THE STATE ATTORNEY OR CLERK OF THE COURT WHERE THE RECORDS ARE REQUESTED BY AN UNREPRESENTED PRISONER WHO SEEKS THE RECORDS IN CONJUNCTION WITH A MOTION FOR POSTCONVICTION RELIEF?
RYDER, A.C.J., and DANAHY and PATTERSON, JJ., concur.