PER CURIAM.
Calvin Smith moved for post-conviction relief in the circuit court, contending that his sentence improperly provided for consecutive mandatory minimum terms. The trial court denied relief, attaching a copy of the sentencing hearing of April 15, 1982, as supporting its conclusion that the sentence imposed was legal. On appeal this court reversed, directing the circuit court to either attach additional portions of the record which refute Smith’s claims or to hold an evidentiary hearing. Smith v. State, 589 So.2d 426 (Fla. 1st DCA 1991).
On remand, the circuit court entered an order which again attached a copy of the transcript of the April 15, 1982, sentencing hearing, commenting that the transcript “answers the questions of the 1st District Court of Appeal and [sic] its opinion filed November 15, 1991.” That order was dated January 10 and rendered by filing with the clerk of court on January 13, 1992.
Smith then filed a petition for writ of mandamus with this court, seeking to compel the circuit court to comply with this court’s prior opinion. We issued an order which treated the petition as a notice of appeal and an initial brief and which directed the State of Florida to show cause why Smith should not be granted a belated appeal and why the cause should not be summarily reversed and remanded for further proceedings. Upon consideration of the response, we accept appellate jurisdiction and reverse.
The state opposes Smith’s request for review, in part, on the theory that his claim for relief was untimely. We disagree. The mandamus petition contains a certificate that it was served on February 10, 28 days after rendition of the order, and it was filed with this court on February 14, 1992, 32 days after rendition of the order. Under the reasoning of Haag v. State, 591 So.2d 614 (Fla.1992) and Skinner v. Skinner, 561 So.2d 260 (Fla.1990), Smith has timely invoked the jurisdiction of this court if he can verify the date the petition was given to prison officials for mailing. We find it unnecessary to request such verification, however, because the order rendered January 13 failed to advise Smith of his right to appeal and he would be entitled to a belated appeal pursuant to State ex rel. Shevin v. District Court of Appeal, Third District, 316 So.2d 50 (Fla.1975) in any event. See also Jessop v. State, 495 So.2d 825 (Fla. 2d DCA 1986).
Accordingly, we turn to the merits. It is clear from our review of the case file in case number 91-265, Smith’s prior appeal, that the panel of judges had before it the transcript of the hearing of April 15, 1982, and determined that it did not completely refute the appellant’s claims for relief. The order of January 13 therefore did not comply with this court’s mandate, and we again reverse and remand with directions to attach additional portions of the record which show Smith is not entitled to relief, or to conduct an evidentiary hearing.
REVERSED AND REMANDED.
JOANOS, C.J., and BOOTH and ZEHMER, JJ., concur.