PER CURIAM.
Hyder appeals from an order granting in part and denying in part his motion to compel the State Attorney’s Office to provide access to public records. We treat Hyder’s appeal as a petition for writ of certiorari. See Roesch v. State, 596 So.2d 1214 (Fla. 2d DCA 1992), review granted, 617 So.2d 320 (Fla.1993).
We deny the petition because Hyder is not entitled to a copy of the State Attorney’s files free of charge. See Roesch. However, as in Roesch, we certify the following question:
WHAT IS THE APPROPRIATE METHOD OF DISCLOSURE OF PUBLIC RECORDS HELD BY THE STATE ATTORNEY OR CLERK OF THE COURT WHERE THE RECORDS ARE REQUESTED BY AN UNREPRESENTED PRISONER WHO SEEKS THE RECORDS IN CONJUNCTION WITH A MOTION FOR POSTCONVICTION RELIEF?
RYDER, A.C.J., and DANAHY and CAMPBELL, JJ., concur.