633 So.2d 1 (1993)
James Allen ROESCH, Petitioner,
v.
STATE of Florida, Respondent.
No. 79937.
Supreme Court of Florida.
December 23, 1993.
Rehearing Denied March 15, 1994.
Bruce Rogow of Bruce S. Rogow, P.A., and Beverly Pohl, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen. and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for respondent.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, amicus curiae for Florida Public Defenders Ass'n.
Leonard W. Yanke, pro se, amicus curiae.
GRIMES, Justice.
We review Roesch v. State, 596 So.2d 1214 (Fla. 2d DCA 1992), in which the court certified the following question as one of great public importance:
WHAT IS THE APPROPRIATE METHOD OF DISCLOSURE OF PUBLIC RECORDS HELD BY THE STATE ATTORNEY OR CLERK OF THE COURT WHERE THE RECORDS ARE REQUESTED BY AN UNREPRESENTED PRISONER WHO SEEKS THE RECORDS IN CONJUNCTION WITH A MOTION FOR POSTCONVICTION RELIEF?
Id. at 1215. We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Roesch was convicted of three crimes and sentenced to prison in 1990. His convictions and sentences were affirmed on November 22, 1991. Roesch v. State, 589 So.2d 1331 (Fla. 2d DCA), review dismissed, 593 So.2d 1052 (Fla. 1991). Thereafter, while still in prison, Roesch filed a motion to compel the state attorney to turn over his file pursuant to the Public Records Act. He alleged that he was indigent and asserted that the state attorney's file would disclose extensive violations of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The motion was denied. The district court of appeal held that the trial court should have *2 considered the merits of the request for disclosure of the state attorney's file. However, the court ruled that Roesch was not entitled to receive copies of documents under the Public Records Act without paying for them and certified the question quoted above.[1]
There is no doubt that certain portions of the state attorney's investigation file are public records under chapter 119 once a defendant's conviction and sentence become final. State v. Kokal, 562 So.2d 324 (Fla. 1990). However, section 119.07(1)(a), Florida Statutes (1991), requires the custodian of public records to charge a reasonable fee for furnishing copies of such records. There is no provision in chapter 119 for providing copies of the public records free of charge to indigent persons.
In responding to a request similar to that of Roesch in Campbell v. State, 593 So.2d 1148 (Fla. 1st DCA 1992), the court said:
Several cases have held that a prisoner is entitled to no greater relief than other persons requesting relief pursuant to chapter 119, Florida Statutes. Wootton v. Cook, 590 So.2d 1039 (Fla. 1st DCA 1991); Yanke v. State, 588 So.2d 4 (Fla. 2nd DCA 1991). A prisoner, therefore, would not be entitled to copies of the records without paying reasonable copying costs (Wootton, supra; Yanke, supra), nor would the prisoner be entitled to a list of documents (Wootton, supra), nor would the custodian be required to provide the original file to the prisoner at the place of incarceration (see section 119.07(1)(a), Florida Statutes (1991), which provides that inspections shall be permitted at a reasonable time and under reasonable conditions).
It would appear that the appropriate relief would be for the trial court to enter an order that the prisoner not be denied access to the records pursuant to chapter 119, Florida Statutes. The prisoner then must make appropriate accommodation to secure the records.
Campbell, 593 So.2d at 1149-50.
Likewise, in Yanke v. State, 588 So.2d 4 (Fla. 2d DCA 1991), review denied, 595 So.2d 559 (Fla.), cert. denied, ___ U.S. ___, 112 S.Ct. 1592, 118 L.Ed.2d 309 (1992), the Second District Court of Appeal stated:
The question remains as to whether Yanke is entitled to the documents free of charge under applicable principles of due process relating to a criminal proceeding. In Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986), we held that, although an indigent defendant has a right to transcripts without payment of costs for a direct appeal, there is no right to free transcripts for use in preparation of a post-conviction motion. The rationale of Carr would seem to apply, if anything more persuasively, where, as here, Yanke has already prosecuted his post-conviction motions and the related appeals and is not seeking the transcripts of his case but merely the files of the state attorney. We hold that there is no right to free copies of the criminal investigation files of the state attorney under these circumstances.
Yanke, 588 So.2d at 5.
We know of no court which has ever ordered that indigent inmates be furnished public records free of charge. On the contrary, several out-of-state courts have also denied such requests. Ely v. United States Postal Serv., 753 F.2d 163 (D.C. Cir.) (no Fourteenth Amendment violation by Postal Service's refusal to waive copying fee for indigent inmate), cert. denied, 471 U.S. 1106, 105 S.Ct. 2338, 85 L.Ed.2d 854 (1985); Rizzo v. Tyler, 438 F. Supp. 895 (S.D.N.Y. 1977) (Department of Justice could properly refuse to furnish copies of its files without cost to indigent inmate under the Freedom of Information Act); State, ex rel. Mayrides v. Whitehall, 62 Ohio App.3d 225, 575 N.E.2d 224 (1990) (indigent inmate not entitled to obtain public records free of charge), aff'd, 62 Ohio St.3d 203, 580 N.E.2d 1089 (Ohio 1991).
There is simply no authority by which this Court may properly order that Roesch be furnished copies of documents under *3 chapter 119. Roesch's suggestion that the files could be mailed to the prison where he could look at them under supervision is equally unavailing. Section 119.07(1)(a) provides that any examination of the public records must be under "reasonable conditions." Aside from the fact that the cost of personally supervising an inmate's examination of the file would far exceed the copying costs, it would be manifestly unreasonable to require state attorneys to send their original files to prisons throughout the state every time an indigent defendant demanded it. Moreover, Roesch is not being deprived of any constitutional right. See McDonald v. Board of Election Comm'rs, 394 U.S. 802, 89 S.Ct. 1404, 22 L.Ed.2d 739 (1969) (no denial of equal protection where nonbondable inmates were denied access to absentee ballots). In essence, he is in the same position as anyone else seeking public records who cannot pay the copying costs and who cannot afford the trip to personally examine the records.
It is the legislature which has seen fit to designate portions of the state attorney's files as public records. Therefore, it is up to the legislature if it wishes to make special provision for indigent inmates to have free access to those records. We approve the decision below and answer the certified question as indicated in this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW and HARDING, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, C.J., concurs.
KOGAN, Justice, dissenting.
Under the majority's construction, Florida's public records law now has been rendered into a tool useful only to those who have money. A poor inmate or an indigent defendant whose case may hinge upon the contents of a public record now has no recourse. But those who have the money to pay for copying and transmission costs will be afforded a remedy, perhaps even the ability to win their cases and prove that they are innocent or should be released from custody.
To my mind, one of the most fundamental tenets of the guarantee of equal protection is that rich and poor alike are treated the same by the law, to the extent possible. While the poor are not entitled to all that the rich might afford, both rich and poor alike nevertheless are entitled to access to the same remedy on an equal footing. The majority opinion denies that right to indigent inmates and defendants. I would hold that equal protection requires that the state afford access to the same remedy even if this means waiving the assessment of costs for reproducing and transmitting public records. Art. I, § 2, Fla. Const. This is the only way to achieve justice in this context.
BARKETT, C.J., concurs.
NOTES
[1] We are advised that Roesch has recently obtained the $66.83 required to copy the file and has received the copies. Notwithstanding, we have determined to address the certified question because it presents an issue capable of repetition, yet evading review. Kight v. Dugger, 574 So.2d 1066 (Fla. 1990).