ON REHEARING GRANTED

WENTWORTH, Senior Judge.
Upon consideration of motions for rehearing/clarification filed by the parties, the opinion previously filed herein on March 30,1994, (published 19 Fla.L.Weekly D699 (Fla. 1st DCA Mar. 30, 1994)) is withdrawn and the following substituted therefor:
This is an appeal of an order of the circuit court denying appellant’s motions for free copies of records in the custody of the state attorney and the clerk of court. The motions were filed following this court’s affirmance of *184 appellant’s conviction of first degree murder. Kyser v. State, 576 So.2d 888 (Fla. 1st DCA 1991). We affirm, concluding that the recent opinion of the Florida Supreme Court in Roesch v. State, 633 So.2d 1 (Fla.1993) supports the trial court’s denial of the motions.
The opinion in Roesch rejects any contention that Ch. 119, F.S., requires that indigent inmates be furnished records free of charge, stating instead that they are “in the same position as anyone else seeking public records who cannot pay” the required costs. 633 So.2d at 3. Appellant clearly presents no issue of access to the transcript of his actual trial record, seeking instead the equivalent of an original photographic exhibit in lieu of a copy, together with copies of original documents in the office of the state attorney distinct from those placed in evidence. Decisions governing a defendant’s right to copies of trial records accordingly would not apply, even assuming a movant’s right in particular circumstances to obtain free copies of such records prior to disposition of a pending post-conviction motion. See Dorch v. State, 483 So.2d 851 (Fla. 1st DCA 1986) (where court, in dictum, stated that the trial record may be available at no expense only after a motion for post-conviction relief has been filed). Accord Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986).[1]
AFFIRMED.
JOANOS and BARFIELD, JJ., concur.

. In Carr, the Second District Court of Appeal cited the First District Court of Appeal's decision in Dorch, and recognized with respect to pending motions under Fla.R.Crim.P. 3.850 and 3.987 that the defendant is required only to put forth a prima facie case, and that "the burden of combing the record ... is, of course, not on the defendant.” 495 So.2d at 282.