696 So.2d 814 (1997)
Kurtis J. SMITH, Appellant,
v.
STATE of Florida, Appellee.
Kurtis J. SMITH, Appellant,
v.
Christopher M. SIERRA, Appellee.
Kurtis J. SMITH, Appellant,
v.
Joseph ROBLES, Appellee.
Nos. 96-00365, 96-00599 and 96-00606.
District Court of Appeal of Florida, Second District.
March 12, 1997.
Kurtis J. Smith, pro se.
*815 Robert A. Butterworth, Attorney General, Tallahassee, and Tonja R. Vickers, Assistant Attorney General, Tampa, for Appellee State of Florida in case number 96-00365.
Julianne M. Holt, Public Defender, and Theda R. James, Assistant Public Defender, Tampa, for Appellees Christopher M. Sierra in case number 96-00599 and Joseph Robles in case number 96-00606.
PER CURIAM.
The appellant, Kurtis J. Smith, challenges the trial courts' orders denying his complaints for writs of mandamus in case numbers 96-00365, 96-00606, and 96-00599.[1] Appellant sought disclosure of records under the public records law, chapter 119, Florida Statutes (1995). Because we conclude that appellant has established prima facie cases for relief under chapter 119, we reverse and remand for each trial court to issue an alternative writ of mandamus as mandated by Florida Rule of Civil Procedure 1.630(d). Appellees may then answer the alternative writs raising any applicable defenses.
In each case, appellant was convicted of various misdemeanors in county court. He was represented by assistant public defenders during the proceedings leading to his convictions and has no pending appeals or motions for post-conviction relief in the county court cases. Following the convictions, appellant furnished each of his former assistant public defenders with a "formal request" for documents pertaining to his convictions. The formal requests sought the records on appeal and the records of trial proceedings, including all reports, depositions, motions and responses, orders, correspondence, and any trial transcripts. The formal requests do not demand free copies of such records. The records on appeal in the instant cases do not indicate that there has been any written response to the formal requests by the assistant public defenders.
Thereafter, appellant filed three separate civil actions in circuit court for writs of mandamus ordering disclosure of these documents from the respective assistant public defenders. The relief sought in the complaints is based on multiple grounds, including the public records law. Each complaint is verified and attaches the formal requests. Although the trial courts found appellant to be indigent, the complaints do not specifically ask for free copies of the records. The trial courts subsequently denied and dismissed the complaints without ordering any response to the complaints by the assistant public defenders.
Prisoners are entitled to disclosure of public records related to their convictions under chapter 119, Florida Statutes. See State v. Kokal, 562 So.2d 324 (Fla.1990); Campbell v. State, 593 So.2d 1148 (Fla. 1st DCA 1992). However, indigent prisoners may not receive free copies of documents requested under the public records law. See Roesch v. State, 633 So.2d 1 (Fla.1993); Yanke v. State, 588 So.2d 4 (Fla. 2d DCA 1991), rev. denied, 595 So.2d 559 (Fla.1992). See also Thompson v. Unterberger, 577 So.2d 684 (Fla. 2d DCA 1991) (transcripts paid for at public expense are available to an indigent prisoner at no cost).
Mandamus is a common law remedy used to enforce an "established legal right by compelling a person in an official capacity to perform an indisputable ministerial duty required by law." Puckett v. Gentry, 577 So.2d 965, 967 (Fla. 5th DCA), rev. denied, 591 So.2d 183 (Fla.1991). A party petitioning for a writ of mandamus must establish a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law. See Turner v. Singletary, 623 So.2d 537 (Fla. 1st DCA 1993). An assistant public defender is an "official" for purposes of mandamus. Eichelberger v. Brueckheimer, 613 So.2d 1372, 1373 (Fla. 2d DCA 1993); Woodson v. Durocher, 588 So.2d 644 (Fla. 5th DCA 1991), rev. denied, 598 So.2d 79 (Fla.1992). The legal duty of the official must be "ministerial in nature and not discretionary." Lee County v. State Farm *816 Mut. Auto. Ins. Co., 634 So.2d 250, 251 (Fla. 2d DCA 1994). For purposes of mandamus relief under the public records act, disclosure of public records is a "mandatory act." Mills v. Doyle, 407 So.2d 348, 350 (Fla. 4th DCA 1981).
Florida Rule of Civil Procedure 1.630(b) requires that a complaint for an extraordinary remedy such as writ of mandamus contain the facts on which the plaintiff relies for relief, a request for the relief sought, and, if desired, argument in support of the petition with citations of authority. If the complaint shows a prima facie case for relief, a trial court must issue an alternative writ of mandamus. See Fla.R.Civ.P. 1.630(d); Conner v. Mid-Florida Growers, Inc., 541 So.2d 1252, 1256 (Fla. 2d DCA 1989). Once an alternative writ has issued, the burden is on the respondent to come forth with facts upon which it refused to perform its legal duty. See Holcomb v. Department of Corrections, 609 So.2d 751 (Fla. 1st DCA 1992).
In the instant cases, the complaints meet the requirements of rule 1.630. Appellant has alleged in his complaints an indisputable legal duty, a clear right to performance, and no adequate remedy at law. Therefore, we conclude that appellant's complaints for writ of mandamus stated prima facie cases for relief under the public records law.
The trial courts apparently dismissed the complaints in the instant cases because the records were not sought in the criminal proceedings in conjunction with pending motions for post-conviction relief. The trial courts were correct in their understanding that prisoners may not be entitled to portions of their trial transcripts to prepare pro se post-conviction motions. See Cassoday v. State, 237 So.2d 146 (Fla.1970); Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986). A prisoner may, however, also request records under the public records law. A chapter 119 records request may be made to prepare a motion for post-conviction relief. See Kokal, 562 So.2d at 326 (pendency of post-conviction motion does not give rise to "active criminal investigation exemption" under chapter 119). However, a pending motion for post-conviction relief is not required under the public records law. See Campbell, 593 So.2d at 1149 (involving chapter 119 request for records after final conviction with no pending motions).
The office of the public defender argues that appellant is not entitled to free copies of public records under chapter 119, but appellant did not seek free copies of records in his complaints nor in his formal requests. The motion to proceed in forma pauperis did not specifically address whether appellant would pay for copies of any records requested under the public records law. Moreover, there is no indication in the record on appeal that the office of the public defender based its decision not to honor appellant's requests on his refusal to pay for copies. Additionally, as noted above, certain transcripts paid for at public expense should be furnished to appellant at no cost. Simply put, there was no evidence before the trial courts establishing that appellant sought free copies. Standing alone, the complaints stated prima facie cases.
Accordingly, we reverse and remand for the trial courts to issue alternative writs in all three cases, giving the office of the public defender the opportunity to raise any applicable defenses, such as nonpayment. The trial courts may then grant or deny the writs of mandamus, or fashion writs ordering production after the defendant has paid for copies. See Campbell, 593 So.2d at 1150.
Reversed and remanded.
ALTENBERND, A.C.J., and LAZZARA and QUINCE, JJ., concur.
NOTES
[1] This court consolidated case numbers 96-00606 and 96-00599 by motion of the office of the public defender. Case number 96-00365 is another appeal by the same plaintiff. Because of the identity of issues, this court sua sponte consolidates all three cases for purposes of this opinion.