743 So.2d 78 (1999)
Leonard B. BALDWIN, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-1943.
District Court of Appeal of Florida, Third District.
September 1, 1999.
Leonard B. Baldwin, in proper person.
Robert A. Butterworth, Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and LEVY, JJ.
PER CURIAM.
Defendant-appellant filed a motion seeking access to the transcripts of his sentencing hearing alleging that he was in the process of filing a motion to correct his sentence. The trial court denied the motion without prejudice and defendant appealed. We affirm.
"Transcripts are not necessary for the preparation of a legally sufficient [Florida Rule of Criminal Procedure] 3.850 motion.... Appellant must first file a 3.850 motion setting forth his alleged grounds for relief in order to secure a copy of portions of his trial record. In preparing his motion, appellant must rely on his best recollection of the court proceedings. Only then may he secure those portions of the record relevant to his motion." McFadden v. State, 711 So.2d 1350 (Fla. 1st DCA 1998) (citations omitted); accord Cassoday v. State, 237 So.2d 146, 147 (Fla. 1970); Dorch v. State, 483 So.2d 851, 852 (Fla. 1st DCA 1986); Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986). Here, it appears that defendant wishes to file a motion under Florida Rule of Criminal Procedure 3.800. The same logic applies.
Defendant may, of course, inquire whether his former counsel has the documents he seeks or can assist defendant in obtaining those documents.
Affirmed.