PER CURIAM.
Lamont Tarenc Gray appeals the trial court’s Order denying his Motion for Transcripts. This court originally treated the appeal as an appeal from a Florida Rule of Criminal Procedure 3.850 motion. However, it appears from the record before us that Gray has not yet filed a Rule '3.850 motion, therefore we re-designate the appeal as an appeal from an order entered after final judgment and grant review pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D). The trial court denied Gray’s Motion on the basis that it was legally insufficient. We affirm without prejudice for Gray to file a Rule 3.850 motion.
Gray’s Motion for Transcripts requests that the trial court enter an order directing the court reporter to furnish him a copy of the transcripts of his trial and sentencing hearing. He alleges that the transcripts are “essential to effectively litigate defendant’s collateral appeal.” However, the motion does not include a copy of the motion for post-conviction relief nor does it state that he has filed any motion for post-conviction relief. The filing of a motion for post-conviction relief is a prerequisite to the trial court’s consideration of any motion for transcription. See Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986) (holding that a prisoner seeking post-conviction relief must first prepare and file his motion before he may secure those portions of the record relevant to that motion).
Since the trial court did not have before it a post-conviction motion attacking the judgment or sentence to which transcripts may be relevant, the trial court’s denial of Gray’s Motion for Transcripts was proper.
AFFIRMED.
POLEN, GROSS and HAZOURI, JJ., concur.