933 So.2d 1261 (2006)
John Archie COLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2289.
District Court of Appeal of Florida, Third District.
July 26, 2006.
John Archie Cole, in proper person.
Charles J. Crist, Attorney General, and Richard L. Polin, Assistant Attorney General, for appellee.
Before GERSTEN, FLETCHER, and WELLS, JJ.
WELLS, Judge.
We affirm the trial court's order denying John Cole's motion for transcripts. Cole entered a guilty plea and was sentenced in January 1996. Contrary to Cole's representation in his brief, no Rule 3.850 post-conviction motion, or any other paper, has been filed in this matter since he was sentenced. As we confirmed in Baldwin v. State, 743 So.2d 78, 78 (Fla. 3d DCA 1999):

*1262 "Transcripts are not necessary for the preparation of a legally sufficient [Florida Rule of Criminal Procedure] 3.850 motion. . . . Appellant must first file a 3.850 motion setting forth his alleged grounds for relief in order to secure a copy of portions of his trial record. In preparing his motion, appellant must rely on his best recollection of the court proceedings. Only then may he secure those portions of the record relevant to his motion." McFadden v. State, 711 So.2d 1350 (Fla. 1st DCA 1998) (citations omitted); accord Cassoday v. State, 237 So.2d 146, 147 (Fla.1970); Dorch v. State, 483 So.2d 851, 852 (Fla. 1st DCA 1986); Carr v. State, 495 So.2d 282 (Fla. 2d DCA 1986).
While we affirm denial of Cole's current transcript request, he may either attempt to obtain the documents he seeks from his former counsel or reapply to the trial court after a motion for post-conviction relief has been filed.
Affirmed.