960 So.2d 840 (2007)
Sterling A. CLOWERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2832.
District Court of Appeal of Florida, Third District.
July 5, 2007.
Sterling A. Clowers, in proper person.
Katherine Fernandez Rundle, State Attorney, and Penny H, Brill, Assistant State Attorney, for appellee.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
LAGOA, Judge.
Defendant Sterling A. Clowers appeals the trial court's order denying his public *841 records request.[1] For the following reasons, we affirm.
Defendant filed, pursuant to Section 119.01, Florida Statutes (2006), a motion for production of the State Attorney's prosecutorial files in order to prepare a motion for postconviction relief. In the motion, Defendant alleged that because he was previously declared indigent, and continued to "assert his indigent status" the trial court should grant his motion and issue an order allowing Defendant to receive the files "without cost." The trial court denied the motion as legally insufficient on its face. This appeal ensued.
The State concedes that the Defendant is entitled to copies of its files. See Roesch v. State, 633 So.2d 1, 2 (Fla. 1994) ("There is no doubt that certain portions of the state attorney's investigation files are public records under chapter 119 once a defendant's conviction and sentence become final."). The State argues, however, that a defendant must pay the State for such copies for use in preparation of a postconviction motion.[2]Id. at 2-3. We agree. Indeed, while an indigent prisoner may obtain free copies for a plenary appeal, there is no such provision to obtain them afterward. See Ridge v. Adams, 643 So.2d 116, 117 (Fla. 5th DCA 1994). Sections 119.07(1)(a) and (4), Florida Statutes (2006), require the custodian of public records to furnish copies upon payment prescribed either by statute or the actual cost of duplication. Moreover, as the Florida Supreme Court has stated, "[t]here is no provision in Chapter 119 for providing copies of the public records free of charge to indigent persons." Roesch, 633 So.2d at 2. Because "[i]t is the legislature which has seen fit to designate portions of the State Attorney's files as public records. . . . it is up to the legislature if it wishes to make special provisions for indigent inmates to have free access to those records." Id. at 3.
Accordingly, we affirm the trial court's order denying Defendant's public records request.
NOTES
[1] We review a trial court's denial of a public records request for abuse of discretion. See Glock v. Moore, 776 So.2d 243, 254 (Fla. 2001).
[2] The State advised the Defendant that the charge for copying was .15 cents per page. The Defendant was further advised that a representative could be sent to review the requested files.