976 So.2d 616 (2008)
Sylvester L. BROWN, Appellant,
v.
Walter A. McNEIL, Secretary, Florida Department of Corrections, Appellee.
No. 1D06-1511.
District Court of Appeal of Florida, First District.
February 6, 2008.
Rehearing Denied March 19, 2008.
*617 Sylvester L. Brown, pro se, Appellant.
Bill McCollum, Attorney General, and Susan A. Maher, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant is a prison inmate challenging an order entered on his request for a declaratory judgment and a writ of mandamus, whereby the appellant sought to establish that the copy charge in Florida Administrative Code Rule 33-601.901(2) is unlawful and unconstitutional. The appellant contended that this rule, as well as section 945.10(3), Florida Statutes, is arbitrary and capricious and violates his right to due process. Among other contentions, the appellant also asserted that the statute is unduly vague, and that there is no rational basis for the rule. In addition, he referred to the right of access to the courts, while maintaining that he needs copies of medical records so he can pursue a medical malpractice action. The appellant indicated that he is indigent, and argued that the Department of Corrections should not be allowed to impose the copy charge in rule 33-601.901(2).
The appellant suggests that instead of requiring payment of the charge in rule 33.601.901(2), the Department could place a lien on his inmate trust account. But although such a lien is elsewhere provided for in certain other circumstances, rule 33.601.901(2) does not authorize that procedure and specifically requires payment of the copying cost. And the Department did not preclude the appellant's access to the records, which have been available for the appellant's inspection. In Roesch v. State, 633 So.2d 1 (Fla.1994), the supreme court indicated that indigent inmates are not generally entitled to free copies of records held by governmental entities, and that the imposition of a copy charge does not deprive the inmate of a constitutional right. See also Elam v. State, 689 So.2d 1232 (Fla. 5th DCA 1997). The trial court made a similar ruling in the present case, and properly rejected the appellant's claims for relief from the copy charge in rule 33-601.901(2).
The appealed order is affirmed.
DAVIS, and BENTON, JJ., concur.