STEVENSON, J.
Willie Bush appeals the denial of his petition for writ of mandamus seeking to compel his specially-appointed appellate counsel, Philip J. Massa, to furnish him with a copy of his record on appeal. Because the trial court accepted Massa’s testimony that he no longer held the records, we affirm.
A jury found Bush guilty of robbery with a firearm on February 18, 2003. The trial court appointed Massa to represent Bush on appeal. This court affirmed Bush’s judgment and sentence without opinion and the mandate issued on July 28, 2004. Bush alleges that he did not learn of this court’s affirmance until over one year later. He alleges Massa never informed him of the status of his direct appeal, and that despite his indigent status, Massa failed to provide him with a copy of his record as requested. Bush filed his first petition for writ of mandamus in the trial court on April 27, 2006, seeking to compel appellate counsel to provide the record, and the trial court summarily denied relief. This court reversed and remanded explaining that, as an agent of the state, Bush’s specially-appointed public defender could be compelled by mandamus to turn over his former client’s records and transcripts prepared at the public’s expense. Bush v. State, 947 So.2d 685, 685-86 (Fla. 4th DCA 2007) (citing Ramos v. State, 757 So.2d 616 (Fla. 3d DCA 2000)) (“Bush I”).
*453 On remand, pursuant to Bush I, Massa explained that he had relocated his office and misplaced Bush’s record. The trial court issued an order explaining that relief could not be granted because Massa could not produce what he did not possess. This appeal followed.
We affirm the denial of mandamus without prejudice for appellant to seek alternate relief in the trial court, including but not limited to, filing a motion for postcon-viction relief, possibly triggering his right to a free copy of his record. See Cassoday v. State, 237 So.2d 146, 147-48 (Fla.1970) (holding that defendant must demonstrate a need before the court is required to furnish his transcripts); Dorch v. State, 483 So.2d 851, 852 (Fla. 1st DCA 1986) (holding that appellant’s request for his record and transcripts for use in preparation of a postconviction motion was premature, and appellant should do the best he can from his recollection of the trial).

Affirmed.

POLEN and KLEIN, JJ., concur.