COPE, J.
 

 This is an appeal of an order denying a petition for writ of mandamus. We affirm in part and reverse in part.
 

 Antwaun Durell Simmons states that he entered a guilty plea to the offense of second-degree murder and was sentenced accordingly. Defendant-petitioner Simmons filed a petition for writ of mandamus against the State, as respondent, requesting a copy of his pre-sentence plea agreement, transcripts, and all judgment/sentence documents.
 

 The trial court entered an order denying this relief. As to the transcripts,
 
 *875
 
 the trial court correctly stated that the defendant is not entitled to transcripts at the State’s expense.
 
 Roesch v. State,
 
 633 So.2d 1 (Fla.1993);
 
 Clowers v. State,
 
 960 So.2d 840, 841 (Fla. 3d DCA 2007). Attached to the defendant’s petition was a memorandum from the court clerk stating that there is no written plea agreement in the court file in this case. For the judgment and sentence the defendant would need to pay the copying cost.
 
 Roesch.
 

 While this is a correct statement of the law, we respectfully disagree with the trial court’s interpretation of the petition. While the petition is not as clear as it could be, what the defendant actually requested was a writ of mandamus directing his specially appointed public defenders (“SAPD”) to turn over the documents he seeks. He alleges that the presentence plea agreement, transcripts, and judgment/sentence documents are in their possession.
 

 The defendant is correct that when a person is defended at public expense, the defendant is entitled to receive the records and transcripts which were created at public expense.
 
 Office of the Pub. Defender v. Madison,
 
 961 So.2d 1044 (Fla. 1st DCA 2007);
 
 Bush v. State,
 
 947 So.2d 685 (Fla. 4th DCA 2007);
 
 Ramos v. State,
 
 757 So.2d 616 (Fla. 3d DCA 2000);
 
 see also Baptiste v. Guffanti,
 
 943 So.2d 303 (Fla. 3d DCA 2006). If the SAPD has one or more of the items sought by the defendant, then the SAPD must either provide the defendant a copy, or if the SAPD chooses, may transmit the originals to the defendant without retaining a copy.
 

 The problem here is that the defendant failed to follow the correct procedure in filing the petition for writ of mandamus. The petition named only the State as the respondent, and accordingly, the trial court interpreted the petition as seeking relief only against the State. That being so, we affirm the denial of the petition.
 

 Our ruling, however, is without prejudice to the defendant to request the documents from his attorneys. Naturally the attorneys may only be required to turn over documents which actually exist and are in their possession. If the attorneys fail to respond, or are in possession of responsive documents but fail to turn them over, the defendant may file a new petition for writ of mandamus, naming the SAPD or SAPDs as respondents. An SAPD representing an indigent defendant “is an agent of the State sufficient to invoke the remedy of mandamus.”
 
 Ramos,
 
 757 So.2d at 616.
 

 Affirmed.
 
 *
 

 *
 

 As to the defendant’s assertion that he needs the transcripts in order to file his motion under Florida Rule of Criminal Procedure 3.850,
 
 see Cole v. State,
 
 933 So.2d 1261 (Fla. 3d DCA 2006);
 
 Baldwin v. State,
 
 743 So.2d 78 (Fla. 3d DCA 1999); and
 
 McFadden v. State,
 
 711 So.2d 1350 (Fla. 1st DCA 1998).