WOLF, J.
The trial court summarily denied appellant’s petition for writ of mandamus brought pursuant to chapter 119, Florida Statutes (2011), seeking to compel the clerk of the court and the state attorney to provide access to and copies of public records pertaining to his criminal case. We reverse and remand.
Appellant alleged he made multiple attempts to obtain the records, both via writ *626 ten requests and in person, and that he had been prepared to pay for the copies, but both agencies failed even to respond to the requests. In addition to compelling provision of the records, appellant also sought a judgment for “the cost of copying, postage, filing fee(s) and court cost assessed” in obtaining the files, pursuant to section 119.12, Florida Statutes. The trial court interpreted the relief requested as appellant seeking to obtain free copies of his file. Because post-appeal indigent inmates have no clear legal right to free copies, the trial court denied the petition. See Kyser v. State, 647 So.2d 183 (Fla. 1st DCA 1994).
In denying the petition, the trial court did not determine whether the petition was facially sufficient to allege a clear legal right to the records if appellant was willing to pay for them. Given the separate requests for relief, this right should be analyzed independently from any right of recovery appellant may have pursuant to section 119.12. Any determination as to entitlement to costs of enforcement is premature at this time.[1]
We therefore REVERSE the order of denial and REMAND to the trial court for reconsideration of the petition,[2] including whether an evidentiary hearing would be appropriate.
ROBERTS and RAY, JJ., concur.

. We do note, however, that while section 119.12 provides for an award of "reasonable costs of enforcement including reasonable attorneys' fees,” the costs of enforcement, such as court filing fees, etc., do not include the cost of copies of the requested records. (Emphasis added).

. The State points out that appellant failed to attach documentation of his requests to the petition as an alternative basis to uphold the denial of the petition. We note that chapter 119 does not require public records requests to be in writing. Cf. Fla. R. Jud. Admin. 2.420(i)(Z) (requests for access to judicial records shall be in writing).