# Third District Court of Appeal

## State of Florida

Opinion filed October 22, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1896
Lower Tribunal No. F09-40479
_____


**Rafael Toirac-Aguilera,**
Petitioner,

vs.

**City of Miami,**
Respondent.


A Case of Original Jurisdiction—Mandamus.

Rafael Toirac-Aguilera, in proper person.

George K. Wysong, III, City Attorney, for respondent.


Before LOGUE, LINDSEY, and MILLER, JJ.

MILLER, J.

Petitioner, Rafael Toirac-Aguilera, an incarcerated prisoner, seeks a writ of mandamus directing respondent, City of Miami, to produce the investigative records that precipitated his arrest and later conviction for first-degree murder, in violation of sections 782.04(1) and 775.087, Florida Statutes (2009). For the reasons below, we deny the petition.

Toirac-Aguilera forwarded multiple requests to the Miami-Dade Police Department seeking the production of materials under Florida's Public Records Act, codified in chapter 119, Florida Statutes (2024). Miami-Dade responded to the requests, stating that the case number provided involved records maintained by City of Miami. Although Miami-Dade provided Toirac-Aguilera with the relevant contact information, there is no record showing any request propounded on City of Miami.

It is axiomatic that mandamus is the proper vehicle for compelling an official or agency to perform a lawful duty. See Anthony v. State, 277 So. 3d 223, 225 (Fla. 2d DCA 2019). A petitioner seeking a writ of mandamus must demonstrate "a clear legal right to performance of the act requested, an indisputable legal duty, and no adequate remedy at law." Stern v. City of Miami Beach, 359 So. 3d 1209, 1211 (Fla. 3d DCA 2023) (citing Smith v. State, 696 So. 2d 814, 815 (Fla. 2d DCA 1997)). In the instant case, Toirac-

Aguilera has failed to make the requisite showing for this remedy as he must first request the records from the proper agency.

Petition dismissed.