492 So.2d 1317 (1986)
Gregory Alan KOKAL, Appellant,
v.
STATE of Florida, Appellee.
No. 66305.
Supreme Court of Florida.
July 17, 1986.
Rehearing Denied September 17, 1986.
*1318 Wayne E. Flowers of Flowers, Hould, Jensen & Westling, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for appellee.
SHAW, Justice.
Kokal appeals his conviction for first-degree murder and his sentence imposing the death penalty. We have jurisdiction under article V, section 3(b)(1), Florida Constitution, and conduct our review in accordance with section 921.141(4), Florida Statutes (1983), and Florida Rule of Appellate Procedure 9.140(f). We affirm the conviction and sentence.
The facts of the case are as follows. Kokal and a companion picked up a hitchhiker about midnight on the 29th or 30th of September 1983 and drove to a beach park near Jacksonville. When they alighted from the truck, the hitchhiker was struck with a pool cue belonging to Kokal and robbed. The victim was then marched about 100 feet at gunpoint where he was beaten unconscious with the pool cue as he pleaded for his life and then was killed with a single shot from a .357 revolver. When the body was discovered the following morning, the police initially believed, and the news media reported, that the victim had been beaten to death. An autopsy revealed that the gunshot was the cause of death, but this information was restricted to the doctor performing the autopsy and to investigating personnel.
The following morning Kokal was apprehended by a police officer after fleeing in his companion's truck from a gas station without paying for gas. When confronted by the police officer and gas station attendant, Kokal offered to pay for the stolen gas, but did not have sufficient cash. When asked for identification, Kokal produced his own Florida driver's license, a Colorado driver's license belonging to his companion, a New York driver's license belonging to the victim, and an Arizona vehicle registration for the truck which was titled to his companion. The officer determined that the truck had not been *1319 stolen in Florida but was unable to check through the National Crime Information Computer because of system outage. He arrested Kokal and seized and inventoried the truck. Within the truck the officer found the murder weapon and a box of shells, both of which had Kokal's fingerprints. At the time of Kokal's arrest, the police did not know of his involvement in the murder and released him that day. Later that evening, Kokal told a friend of specific details of the robbery and murder not known to the public, including the fact that the victim was killed by a gunshot following the robbery because "dead men can't tell lies." During the penalty phase the jury recommended 12-0 that the death penalty be imposed and specifically found that Kokal had personally killed the victim.
Appellant raises three issues for our review. The first concerns imposition of the death penalty. The trial judge found four aggravating circumstances under section 921.141(5), Florida Statutes (1983): the murder was committed while engaged in a robbery  subsection (5)(d); the murder was committed for the purpose of avoiding or preventing a lawful arrest  subsection (5)(e); the murder was especially heinous, atrocious or cruel  subsection (5)(h); and the murder was committed in a cold, calculated, and premeditated manner without any pretense of moral or legal justification  subsection 5(i). Appellant argues that the latter three circumstances were not proven beyond a reasonable doubt. We disagree. The victim was beaten unconscious and posed no threat to Kokal's escape, but he did pose a threat to later identification of the robber(s). Kokal's own statement to his friend to the effect that dead men can't talk confirms that the murder was committed to avoid or prevent arrest. We have found this aggravating circumstance present in similar cases. Herring v. State, 446 So.2d 1049 (Fla.), cert. denied, 469 U.S. 989, 105 S.Ct. 396, 83 L.Ed.2d 330 (1984); Johnson v. State, 442 So.2d 185 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2182, 80 L.Ed.2d 563 (1984).
Appellant's argument that the murder was not especially heinous, atrocious or cruel because death was instantaneous overlooks the events preceding death. The murder was preceded by a violent robbery, a march at gunpoint to the murder site, and a vicious and painful beating during which the victim, in anticipation of his fate, unsuccessfully pleaded for his life. The facts surrounding the murder also show beyond a reasonable doubt the heightened premeditation necessary for a finding of cold, calculated and premeditated. The high level of visceral viciousness with which the murder was carried out is not inconsistent with the coldly calculated decision to eliminate the witness by beating him into unconsciousness prior to the execution-type killing. Squires v. State, 450 So.2d 208 (Fla.); cert. denied, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984); Herring v. State.
Appellant also argues that the trial court erred in not finding certain mitigating factors: his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired and his age of twenty years. The trial court heard testimony from appellant and his mother that he abused alcohol and drugs up to and during the night of the murder. The specificity with which Kokal recounted the details of the robbery and murder to his friend contradicts the notion that he did not know what he was doing, as does the testimony of his companion. There was no abuse of discretion in not giving significant weight to this evidence in mitigation. See Pope v. State, 441 So.2d 1073, 1076 (Fla. 1983), and cases cited therein. For the same reason we see no merit in the claim that the trial court erred in not finding as mitigation that appellant was only twenty years of age and immature.
Appellant's second point is that the trial court erred in admitting into evidence the fact that a 10" fillet knife was found at appellant's feet when he was arrested. Appellant argues that the knife had no connection to the murder and that the sole purpose of introducing the evidence was to *1320 inflame and prejudice the jury. The officer who executed the arrest warrant on appellant testified that he discovered appellant hiding behind the clothes in a closet and that when he pointed his gun at appellant and told him to come out with his hands in front of him, appellant crouched down, at which time he saw the knife at appellant's feet. Evidence of flight is admissible as an indication of guilt and is consistent with appellant's statement to his friend that he intended to rob another sailor and flee "north." In any event, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty in the absence of the claimed error, and, thus, assuming it was error to admit the testimony, the error was harmless. § 924.33, Fla. Stat. (1983); United States v. Hasting, 461 U.S. 499, 509, 103 S.Ct. 1974, 1980, 76 L.Ed.2d 96 (1983); Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); State v. Murray, 443 So.2d 955 (Fla. 1984).
Appellant's final point is that the trial court erred in not suppressing the murder weapon seized during the vehicle inventory following appellant's arrest for stealing gas. We note first that this issue was not preserved for appeal by a timely objection at trial. On the contrary, when the weapon was introduced into evidence, defense counsel specifically stated there was no objection to its introduction. Castor v. State, 365 So.2d 701 (Fla. 1978). Second, even if the issue had been preserved, there is no merit to appellant's argument. Appellant was apprehended on a road with no designated parking by the police following the theft. When asked for identification, appellant produced drivers' licenses from three different states for three different individuals. The vehicle itself was titled in a fourth state and when asked where the owner was, appellant responded that he did not know. Appellant argues that he should have been given the option of providing a reasonable alternative to impoundment and inventory under Miller v. State, 403 So.2d 1307 (Fla. 1981). The same argument was made to the trial court below and correctly rejected. Miller does not preclude impoundment and inventory when the possessor of the vehicle is suspected of stealing the vehicle and cannot provide responsive information showing that the owner is reasonably available in order to take possession of or responsibility for the vehicle. The authority of the police to impound vehicles and inventory contents under these circumstances is well established. See Miller and cases discussed therein.
One additional point requires comment. Our review of the record reveals that during voir dire of the jury venire, the trial court expressed an intent to seat two jurors for the guilt phase who had expressed the view that they could not follow the law regarding the imposition of the death penalty: regardless of the law and facts, one could not vote to impose death, and the other would always vote to impose death for first-degree murder. It was the intent of the trial court to replace both jurors during the penalty phase. The two jurors were each pre-emptorily challenged by, respectively, the prosecution and defendant. Although we chose not to address this issue in Toole v. State, 479 So.2d 731 (Fla. 1985), Justice Ehrlich correctly pointed out in a concurring opinion that this notion of seating and substituting jurors is contrary to this Court's case law. For the guidance of all concerned, we adopt Justice Ehrlich's concurring opinion in Toole. See Lockhart v. McCree, ___ U.S. ___, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986).
In addition to reviewing the issues raised by appellant, we have reviewed the evidence and determined that it is sufficient to support the convictions and sentences. Fla.R.App.P. 9.140(f). We affirm Kokal's conviction and sentence.
It is so ordered.
BOYD, OVERTON and EHRLICH, JJ., concur.
McDONALD, C.J., concurs in part and dissents in part with an opinion, in which BARKETT, J., concurs.
*1321 McDONALD, Chief Justice, concurring in part and dissenting in part.
I concur with the opinion on the merits of the case. I disagree with the comment condemning the practice of allowing anti-death jurors to sit on the guilt phase of the case and then replacing them with alternates on the penalty phase. I believe this to be a wise, fair, and proper practice; I endorse and recommend it.
BARKETT, J., concurs.