562 So.2d 324 (1990)
STATE of Florida, Petitioner,
v.
Gregory Alan KOKAL, Respondent.
No. 74439.
Supreme Court of Florida.
April 19, 1990.
Rehearing Denied July 9, 1990.
*325 Ed Austin, State Atty., and Richard A. Mullaney and Joel B. Toomey, Asst. State Attys., Jacksonville, for petitioner.
Larry Helm Spalding, Capital Collateral Representative, and Billy H. Nolas, Judith J. Dougherty, Josephine Holland and K. Leslie Delk, Staff Attys., Office of the Capital Collateral Representative, Tallahassee, for respondent.
PER CURIAM.
Kokal was convicted of first-degree murder and sentenced to death. This Court affirmed both the conviction and sentence. Kokal v. State, 492 So.2d 1317 (Fla. 1986). Thereafter, Kokal filed a motion for post-conviction relief. Pending a hearing on this motion, Kokal moved to compel disclosure of the files of the state attorney pertaining to his prosecution under chapter 119, Florida Statutes (1987). In his motion, Kokal alleged that he had formally requested access to these files prior to filing his motion for postconviction relief and that thereafter the state attorney had declined to provide his lawyer with access to these files. The court stayed the postconviction hearing and ordered the state attorney to provide access to the files. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. State v. Sireci, 502 So.2d 1221 (Fla. 1987); State v. White, 470 So.2d 1377 (Fla. 1985).
The state attorney now admits that Kokal is entitled to certain of his records, including arrest and booking reports, evidence technicians' reports, lab reports, depositions, correspondence by a codefendant or witness, and medical examiner's reports. However, the state attorney asserts that many of his records are not subject to the Public Records Act because of exemptions contained therein and that other documents are simply not public records and therefore not encompassed by chapter 119.
Section 119.07(3)(d), Florida Statutes, exempts from public disclosure criminal investigative information as defined in the statute so long as it is deemed to be active. Section 119.011(3)(d), explains:
2. Criminal investigative information shall be considered "active" as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.
In addition, criminal intelligence and criminal investigative information shall be considered "active" while such information is directly related to pending *326 prosecutions or appeals. The word "active" shall not apply to information in cases which are barred from prosecution under the provisions of s. 775.15 or other statute of limitation.
In Tribune Co. v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), review denied, 503 So.2d 327 (Fla. 1987), the court had occasion to construe these provisions of the public records law when Ernest Lee Miller and William Riley Jent, together with the Tampa Tribune and others, sought to obtain the Miller and Jent case files held by the Pasco County Sheriff. After several requests for public disclosure, the sheriff, as the custodian of the records, filed an action for declaratory judgment asking whether the records were exempt from disclosure as active criminal investigative information. The trial court concluded that the records were exempt from disclosure because Miller and Jent's motions for post-conviction relief were in progress in both state and federal courts. The sheriff successfully argued that the actions for post-conviction relief were equivalent to appeals under the public records act.
In reversing this ruling, the Second District Court of Appeal held that once Miller and Jent's direct appeals became final, their criminal investigative files could no longer be considered active. The court stated in pertinent part:
The circuit court's definition of "appeal" as "generic rather than technical" and "synonymous with `normal judicial review,'" thus including such post-conviction actions as petitions for habeas corpus, habeas corpus appeals, and petitions for writ of error coram nobis, is much too broad an interpretation. The word "appeals" in the statute does not connote the loose popular sense of the term. Cf. Davis v. Strople, 39 So.2d 468, 471 (Fla. 1949) (concurring opinion). Such legal terms in a statute are "to receive their technical meaning, unless the contrary plainly appears to have been the intention of the legislature." Williams v. Dickenson, 28 Fla. 90, 9 So. 847, 849 (Fla. 1891). If the legislature had meant to include post-conviction relief proceedings as a basis for an exemption to the Public Records Act it surely would have said so. And only the legislature can create such an exemption, not the court or custodian. Douglas v. Michel, 410 So.2d 936, 940 (Fla. 5th DCA 1982); Wait v. Florida Power & Light Co., 372 So.2d 420, 424 (Fla. 1979). "[I]n ascertaining the intent of the Legislature in this case we look to the general policy behind the Public Records Act ... an open policy with respect to state, county and municipal records." Satz v. Blankenship, 407 So.2d 396, 398 (Fla. 4th DCA 1981). The circuit court exceeded its authority by expanding the definition of appeal.
493 So.2d at 483.
We agree with this rationale. To say that criminal investigative information continues to be active even after the conviction and sentence have become final would be to hold that such information would never become inactive because there are always some circumstances under which a defendant may file a motion for postconviction relief. Yet, the legislature obviously contemplated that inactive criminal investigative information was subject to disclosure under chapter 119. We conclude that the use of the words "pending prosecutions or appeals" in section 119.011(3)(d)(2) means ongoing prosecutions or appeals from convictions and sentences which have not become final.
The other exemption under the public records law relied upon by the state attorney is section 119.07(3)(o) which states, in part:
A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared *327 in anticipation of imminent civil of criminal litigation or imminent adversarial administrative proceedings, is exempt from the provisions of subsection (1) until the conclusion of the litigation or adversarial administrative proceedings.
The rationale set forth above with respect to section 119.07(3)(d) appears equally applicable to section 119.07(3)(o). See Seminole County v. Wood, 512 So.2d 1000 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla. 1988). Thus, we further hold that "the conclusion of litigation" with respect to a criminal conviction and sentence occurs when that conviction and sentence have become final.
We do agree with the state attorney that some of the documents in his files are not public records. In Shevin v. Byron, Harless, Schaffer, Reid & Associates, Inc., 379 So.2d 633, 640 (Fla. 1980), we pointed out:
To give content to the public records law which is consistent with the most common understanding of the term "record," we hold that a public record, for purposes of section 119.011(1), is any material prepared in connection with official agency business which is intended to perpetuate, communicate, or formalize knowledge of some type. To be contrasted with "public records" are materials prepared as drafts or notes, which constitute mere precursors of governmental "records" and are not, in themselves, intended as final evidence of the knowledge to be recorded. Matters which obviously would not be public records are rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation. Inter-office memoranda and intra-office memoranda communicating information from one public employee to another or merely prepared for filing, even though not a part of an agency's later, formal public product, would nonetheless constitute public records inasmuch as they supply the final evidence of knowledge obtained in connection with the transaction of official business.
Further, not all trial preparation materials are public records.[*] We agree with Orange County v. Florida Land Co., 450 So.2d 341, 344 (Fla. 5th DCA), review denied, 458 So.2d 273 (Fla. 1984), which described certain documents as not within the term "public records":
Document No. 2 is a list in rough outline form of items of evidence which may be needed for trial. Document No. 9 is a list of questions the county attorney planned to ask a witness. Document No. 10 is a proposed trial outline. Document No. 11 contains handwritten notes regarding the county's sewage system and a meeting with Florida Land's attorneys. Document No. 15 contains notes (in rough form) regarding the deposition of an anticipated witness. These documents are merely notes from the attorneys to themselves designed for their own personal use in remembering certain things. They seem to be simply preliminary guides intended to aid the attorneys when they later formalized the knowledge. We cannot imagine that the Legislature, in enacting the Public Records Act, intended to include within the term "public records" this type of material. See Shevin v. Byron, Harless.

In summary, we hold that that portion of the state attorney's files which fall within the provisions of the Public Records Act are not exempt from disclosure because Kokal's conviction and sentence have become final. Thus, the state attorney should have provided Kokal with these records upon his request. If he had a doubt as to whether he was required to disclose a particular document, he should have furnished it in camera to the trial judge for a determination. Of course, the state attorney was not required to disclose his current file relating to the motion for postconviction relief because there is ongoing litigation with respect to those documents.
*328 We affirm the order of the trial judge requiring disclosure of the state attorney's files, subject to the caveat that only those documents defined as public records need be disclosed.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Of course, the state attorney is obligated to disclose any document in his files which is exculpatory. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).