GUNTHER, Judge.
David Tal-Mason appeals the denial of his petition for a writ of mandamus seeking his prosecutorial case file from the State Attorney pursuant to the Public Records Law, Chapter 119, Florida Statutes. The trial court denied his petition on the grounds that the State Attorney’s Office was not an agency under the Public Records Law.
On August 8, 1983, Tal-Mason was sentenced to life in prison following his plea of guilty to second degree murder. He timely appealed his sentence, and moved for appointment of appellate counsel on August 30, 1983. The state moved to dismiss the appeal, arguing Tal-Mason forfeited his right to a direct appeal by pleading guilty. The trial court failed to appoint appellate *1135 counsel until March 23, 1984. The appeal was dismissed on April 4,1984. In September, 1991, Tal-Mason filed a petition for a writ of habeas corpus with this court, claiming that he was denied effective appellate counsel. In January, 1992, prior to our decision on Tal-Mason’s habeas corpus petition, Tal-Mason filed a petition for a writ of mandamus (the subject of this appeal) with the trial court, seeking his prosecuto-rial case file. We granted the writ of habe-as corpus on April 8, 1992, thereby providing Tal-Mason a direct appeal of his criminal sentence. Tal-Mason v. Singletary, 596 So.2d 796 (Fla. 4th DCA 1992). On June 12, 1992, the trial court denied Tal-Mason’s petition for a writ of mandamus.
Though the state concedes that the trial court erred in holding the State Attorney was not subject to the Public Records Law, State v. Kokal, 562 So.2d 324 (Fla. 1990), the ruling of a trial court will be upheld, even if the trial court is correct for the wrong reason. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979).
Tal-Mason asserts that the trial court erred in denying his petition for a writ of mandamus because he is entitled to view his prosecutorial case file since his case was not “active”, as defined under section 119.011(3)(d)2,[1] when he filed his petition. The state counters that Tal-Mason’s case is now “active” and therefore, Tal-Mason is not entitled to view his prosecutorial case file.
The public policy “is that public records must be freely accessible unless some overriding public purpose can only be secured by secrecy.” Tribune Co. v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), rev. denied, 503 So.2d 327 (Fla.1987) (citation omitted). In the present case, the overriding public purpose can only be secured by the contents of the prosecutorial case file remaining secret until the conclusion of Tal-Mason’s appeal. Furthermore, because Tal-Mason’s case is still “active”, and was “active” at the time the trial court denied his petition for a writ of mandamus, we conclude that the trial court did not err in denying the petition.
AFFIRMED.
ANSTEAD and POLEN, JJ., concur.

. This section provides, inter alia, "criminal intelligence and criminal investigative information shall be considered 'active' while such information is directly related to pending prosecutions or appeals.”