COPE, Judge,
(dissenting).
I respectfully dissent. I would grant cer-tiorari and quash so much of the order as requires the State to produce death penalty evaluation forms in five active first degree murder cases. These are clearly work product and do not become public record until the conclusion of the case. State v. Kokal, 562 So.2d 324 (Fla.1990); § 119.07(3)(n), Fla. Stat. (1993); see also Walton v. Dugger, 634 So.2d 1059 (Fla.1993); Tal-Mason v. Satz, 614 So.2d 1134 (Fla. 4th DCA), review denied, 624 So.2d 269 (Fla.1993).
At this stage defendant has not made the necessary showing of need and undue hardship sufficient to require the State to disclose its work product in pending cases. See State v. Rabin, 495 So.2d 257, 262-64 (Fla. 3d DCA 1986); Fla.R.Crim.P. 3.220(g). See generally Charles W. Ehrhardt, Florida Evidence § 502.9 (1995). In particular, there is no explanation why defendant cannot conduct his inquiry using closed cases. Alternately, if defendant wishes to include open cases, he has offered no explanation why he must have access to work product forms rather than analyzing the cases independently — which he will surely do in any event.
Assuming arguendo defendant has made a sufficient showing to overcome the work product immunity in the open cases, the State is entitled to have its opinion work product excised from the death penalty evaluation forms. See Rabin, 495 So.2d at 263-64; see also Ehrhardt, supra, § 502.9,. at 289-90. The reason for defendant’s request, however, is to discover the basis for the State’s death penalty waiver in the enumerated cases. This can be learned only by reading the State’s statement of reasons on the waiver form — which reasons by definition *743 are legal opinions or conclusions by the State. Once the opinion work product portion of each form is excised, the documents lose their value to the defendant.
Certiorari should be granted.