Mr. Luis M. Garcia Senior Assistant Board Attorney Miami-Dade County Public Schools School Board Administration Building 1450 Northeast Second Avenue Miami, Florida 33132
Dear Mr. Garcia:
On behalf of the Superintendent of the Miami-Dade County Public Schools, you have asked for my opinion on substantially the following question:
Is a felony complaint/arrest affidavit created and maintained by school police officers for a juvenile who is a student in the Miami-Dade County Public Schools subject to disclosure under the Public Records Law?
In sum:
A felony complaint/arrest affidavit created and maintained by school police officers for a juvenile who is a student in the Miami-Dade County Public Schools is a law enforcement record subject to disclosure under Chapter 119, Florida Statutes. However, if the report contains information gathered during the criminal justice agency's investigation that qualifies as active criminal investigative information or active criminal intelligence information, such information must be deleted and the remainder of the crime or incident report disclosed. This analysis is equally applicable to a felony complaint/arrest affidavit prepared by school police officers for an adult student.
While your question deals specifically with students who are juveniles, I note that the incident prompting this opinion request involved an adult student who was arrested for a felony committed on school grounds. The analysis contained in this discussion is equally applicable to a high school student who is 18 years of age or older.
Section 119.07(1), Florida Statutes, requires that all "public records" be open for inspection and copying. The term "public records" is defined to include
"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[1]
All such materials must be available for public inspection unless the Legislature has specifically exempted them from disclosure.[2]
Under Florida law, crime and police reports regarding crime have traditionally been a matter of public record.[3] Until a legislative change in 1994, however, the identity of a juvenile who committed a crime was protected.[4]
With the enactment in 1994 of the omnibus juvenile justice reform measure, the Legislature amended the confidentiality provisions relating to juvenile offenders to allow for public dissemination of information. The clear goal of the Legislature was to establish the public's right to obtain information about persons who commit serious offenses, regardless of age. The focus is on the serious nature of the offense, and the Legislature has plainly indicated that it no longer wishes to uniformly shield the identity of those charged with serious offenses simply because of their age.[5]
Section 985.04, Florida Statutes, provides for the treatment of information relating to juvenile offenders. The statute states:
"(5) Notwithstanding any other provisions of this part, the name, photograph, address, and crime or arrest report of a child:
(a) Taken into custody if the child has been taken into custody by a law enforcement officer for a violation of law which, if committed by an adult, would be a felony;
(b) Found by a court to have committed three or more violations of law which, if committed by an adult, would be misdemeanors;
* * *
shall not be considered confidential and exempt from the provisions of s. 119.07(1) solely because of the child's age."
Shortly after the legislative enactment in 1994, this office considered the effect of this language, originally adopted as section 39.045(9), Florida Statutes (1994 Supp.). In Attorney General's Opinion 94-91 this office was asked to consider whether a law enforcement or criminal justice agency would be prohibited from releasing a crime or arrest report or disclosing any information about a crime other than the name, address, and photograph of the juvenile offender. Considering the language of what is now section 985.04(5), Florida Statutes, this office concluded:
"If a juvenile is arrested for a felony, the recent amendments to chapter 39, Florida Statutes, which reflect a legislative intent to make more information regarding juvenile crime available to the public, permit a law enforcement agency or a criminal justice agency to release the law enforcement agency's crime or arrest report or to disclose other information regarding the crime."
Thus, this office determined in Attorney General's Opinion 94-91, and subsequently in Attorney General's Opinion 95-19, that the law enforcement records of a juvenile felony arrest are discloseable.
You have provided me with a copy of a Complaint/Arrest Affidavit form used by the Miami-Dade County Public Schools Division of School Police. It appears to be a standard form as may be used generally by law enforcement agencies throughout the state.
In addition, you have sent me a copy of the Standard Operating Procedures for the Division of School Police.[6] I note that the stated purpose for this procedure is "to provide guidelines for the police officer in explaining the criteria for detention of juvenile offender(s) taken into custody."
Both of these documents reflect the law enforcement nature of these interactions between school police and offenders on school property. Officers of the Division of School Police are certified law enforcement officers performing law enforcement duties on school property. The fact that school students are involved in crimes on school property does not convert standard law enforcement records into "educational records," thereby making such materials confidential for purposes of the school code.[7]
Thus, the provisions of section 228.093, Florida Statutes, providing confidentiality for certain "educational records" of students would not apply to these records.
I would caution, however, that any exemptions applicable to other law enforcement records would also apply to the complaint/arrest affidavit. Thus, information such as active criminal investigative information or the identity of a sexual battery victim should be deleted and the remainder of the crime or incident report made available for public inspection and copying.[8]
Therefore, it is my opinion that a felony complaint/arrest affidavit created and maintained by school police officers and relating to a student who is a juvenile is a law enforcement record subject to disclosure under Chapter 119, Florida Statutes. However, if the report contains information gathered during the criminal justice agency's investigation that qualifies as active criminal investigative information or other information that is confidential or exempt from the Public Records Law, such information may be deleted and the remainder of the crime or incident report disclosed.
This analysis would appear to be equally applicable to a felony complaint/arrest affidavit prepared by school police officers relating to an adult student in the Miami-Dade County Public School system.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 119.011(1), Fla. Stat.
[2] See, Wait v. Florida Power Light Company, 372 So.2d 420
(Fla. 1979).
[3] See, State v. Kokal, 562 So.2d 324 (Fla. 1990) (crime and incident reports open for public inspection); Tribune Company v.Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), rev. den.,Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987).
[4] See, Op. Att'y Gen. Fla. 94-91 (1994), concluding that if a juvenile is arrested for a felony, the 1994 amendments to Chapter 39, Florida Statutes, which reflect a legislative intent to make more information regarding juvenile crime available to the public, permit a law enforcement agency or a criminal justice agency to release the law enforcement agency's crime or arrest report or to disclose other information regarding the crime; Op. Att'y Gen. Fla. 95-19 (1995).
[5] Id.
[6] Miami-Dade County Public Schools, Division of School Police, Standard Operating Procedures S.O.P. #22, Subject: Juvenile Guidelines, issued 4/01/99.
[7] See, Campus Communications, Inc. v. Criser, No. 86-2280-CA-J (Fla. 8th Cir. Ct. September 19, 1986), in which the circuit judge noted that records maintained by university police for law enforcement purposes are not within the scope of the confidentiality requirements for educational records. And see, Inthe Interest of D.P., etc., No. 97-4001 (Fla. 18th Cir. Ct. November 6, 1997), in which the court ruled that a surveillance videotape which showed an altercation between students on a school bus was a student record and initially was exempt from disclosure. However, some of the students were subsequently arrested on felony charges and the tape was shown to defense counsel. In light of these developments the judge ordered that the tape be publicly released with the faces of the non-charged students and the victims excised from view.
[8] See, s. 119.011(3)(a)-(d), Fla. Stat., defining active criminal intelligence information and active criminal investigative information and setting forth particular information which cannot be characterized as criminal intelligence or investigative information. And see, e.g., s. 119.07(3)(f), Fla. Stat., making certain information about the victims of sexual offenses exempt from s. 119.07(1), Fla. Stat.