Ms. Christine Cardinale-Catuccy City of Lake Worth 7 North Dixie Highway Lake Worth, Florida 33460-3787
Dear Ms. Cardinale-Catuccy:
On behalf of the Office of the Labor Attorney for the City of Lake Worth you have asked for my opinion on substantially the following questions:
1) Do notes taken by an attorney and used to prepare a form relating to disciplinary action against city employees constitute a public record?
2) If these records are within the scope of Chapter 119, Florida Statutes, are they exempt from disclosure under section 119.07(6)(l)(1), Florida Statutes, if the notes were prepared expressly in anticipation of adversarial proceeding and, while not specifically including trial strategy, the questions were impliedly asked with such strategy in mind?
3) Does the fact that a labor union requests this information in preparation of representing its members justify release of the documents under a greater statutory right embodied in Chapter 447, Florida Statutes, that is superior to a generic public records request under the Public Records Law?
According to information supplied to this office, the city's labor attorney was advised that two city employees had been involved in activities that might lead to discipline. The assistant labor attorney interviewed co-workers to ascertain if discipline was warranted. The notes taken by the assistant labor attorney consisted of a summary of the information gathered from potential witnesses to the events that occurred. As a result of these interviews, a disciplinary action form was prepared and the employees were disciplined. The disciplinary action form did not contain all the information included in the notes of the interviews, most significantly the names of the witnesses. The notes were reviewed by the city's labor attorney and were filed after preparation of the disciplinary form. An independent investigation was conducted by the employees' union, which has now filed a grievance and requested copies of the notes.
Question One
Florida's Public Records Law, Chapter 119, Florida Statutes, requires that records made or received in connection with the transaction of official business by any public body, officer, or employee of the state, county, or municipality shall be open to public inspection and copying, unless there is a legislatively created exemption making such records confidential or exempt from disclosure.[1] Section 119.011(11), Florida Statutes, defines "[p]ublic records" to include
"all documents, papers, letters . . . or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."
Initially, I would note that any portion of the handwritten notes that was not made or received in the official course of business would not be a public record. It is well settled, however, that if the purpose of a document prepared in connection with official business is to perpetuate, communicate, or formalize knowledge, then it is a public record regardless of whether it is in final form or the ultimate product of the agency.[2] Moreover, nonfinal documents need not be communicated to anyone in order to constitute a public record.[3]
In the situation you have described, the notes taken by the city's assistant labor attorney were used to communicate information to the labor attorney regarding possible future personnel actions. In addition, the fact that these notes were filed might well be construed as evidence of the intent to perpetuate the information contained in the notes. Thus, it would appear that the notes are public records available for inspection.
In Shevin v. Byron, Harless, Schaffer, Reid Associates, Inc.,[4] the Supreme Court of Florida contrasted public records with materials prepared as drafts or notes, which constitute mere "precursors" of governmental records not intended to be final evidence of the knowledge recorded. Bolstering the decision in Byron, Harless, the Court in Statev. Kokal determined that certain trial preparation materials created by state agency attorneys described as preliminary guides intended to aid the attorneys when they later formalized the knowledge were not public records subject to disclosure.[5] The materials considered in Kokal, however, were personal notes by state agency attorneys to themselves, characterized as "preliminary guides intended to aid the attorneys when they later formalized the knowledge."[6] In contrast, the notes prepared by the assistant labor attorney and used by her to prepare other documents and filed for future reference represent the end product of her interviews and were the formalized knowledge that was used to prepare a separate and distinct public record: the disciplinary action form.
Similarly, this office concluded in Attorney General's Opinion 97-23 that the written comments and performance memoranda of school board members that were discussed with the superintendent were prepared in connection with the official business of the school board and were intended to perpetuate, communicate or formalize knowledge and were deemed to be public records. Likewise, notes taken by a negotiator for the Cedar Hammock Fire Control District during collective bargaining sessions were determined to be public records in a 1993 informal opinion.[7] The negotiator took written notes for use by the district's negotiating team in planning for subsequent sessions. The notes were retained in the district's collective bargaining file and were clearly intended to perpetuate the information contained in those notes. In both of these earlier cases, handwritten notes which were retained for purposes of perpetuating or formalizing knowledge were determined by this office to be public records.[8]
Accordingly, the handwritten notes prepared by the Lake Worth assistant labor attorney during her interviews with city personnel are public records when those notes are made to perpetuate and formalize knowledge and to communicate that information to the city's labor attorney. In contrast, it is only uncirculated materials that are not in and of themselves intended to serve as final evidence of the knowledge to be recorded that fall outside the definition of a public record.[9]
Question Two
Your second question relates to the limited exemption contained in section 119.07(6)(l)1., Florida Statutes, which states, in part, that:
"A public record which was prepared by an agency attorney (including an attorney employed or retained by the agency or employed or retained by another public officer or agency to protect or represent the interests of the agency having custody of the record) or prepared at the attorney's express direction, which reflects a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency, and which was prepared exclusively for civil or criminal litigation or for adversarial administrative proceedings, or which was prepared in anticipation of imminent civil or criminal litigation or imminent
adversarial administrative proceedings, is exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution until the conclusion of the litigation or adversarial administrative proceedings." (e.s.)
Thus, the statute requires that in order to come within the scope of the exemption, attorney notes must be prepared exclusively for or in anticipation of litigation or adversarial administrative proceedings; records prepared for other purposes may not be converted into exempt material simply because they are also used in or related to subsequent litigation.
Moreover, only those records that are prepared by or at the express direction of the agency attorney and reflect "a mental impression, conclusion, litigation strategy, or legal theory of the attorney or the agency" are exempt from disclosure until the conclusion of the proceedings.[10] Thus, for example, a circuit judge refused to apply the exemption to tapes, witness statements and interview notes taken by police as part of an investigation of a drowning accident at a city summer camp.[11]
As this office and the courts have noted on many occasions, the public records act is to be liberally construed in favor of open government and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[12] The notes taken by the city's assistant labor attorney were taken in her investigation to determine whether personnel action was necessary. While any attorney may be cognizant of the possibility of litigation resulting from a personnel action, in order to satisfy the requirements for the exemption these notes must have been prepared exclusively for litigation or for adversarial administrative proceedings or in anticipation of imminent
litigation or administrative proceedings and must reflect "a mental impression, conclusion, litigation strategy, or legal theory of the attorney." As discussed above, application of the exemption has been rejected for witness statements and interview notes taken as part of an investigation.
Thus, it is my opinion that the notes taken by the assistant labor attorney
during interviews with co-workers of certain city employees in order to ascertain if employee discipline was warranted are not exempt from disclosure under 119.07(6)(l)1, Florida Statutes.
Question Three
In light of my response to Questions One and Two, no response to your third question is necessary.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See also, Art. I, s. 24, Fla. Const., establishing a right of access to any public records made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf.
[2] See Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,379 So.2d 633 (Fla. 1980). See also, State ex rel. Veale v. City of BocaRaton, 353 So.2d 1194 (Fla. 4th DCA 1977), cert. denied, 360 So.2d 1247
(Fla. 1978) (report prepared by assistant city attorney for the city council concerning suspected irregularities in the city's building department was a public record); and State ex rel. Copeland v.Cartwright, 38 Fla. Supp. 6 (Fla. 17th Cir. Ct. 1972), affirmed,282 So.2d 45 (Fla. 4th DCA 1973) (site plan review prepared for public building project must be open for public inspection, even though it was a preliminary working paper).
[3] See, e.g., Church of Scientology Flag Service Org., Inc., v. Wood,
No 97-688CI-07 (Fla. 6th Cir. Ct. February 27, 1997) (drafts and notes of an autopsy performed by the medical examiner are public records); FloridaSugar Cane League v. Florida Department of Environmental Regulation, No. 91-4218 (Fla. 2d Cir. Ct. June 5, 1992) (handwritten notes of agency staff "utilized to communicate and formulate knowledge within [the agency], are public records subject to no exemption"); and Inf. Op. to Michael S. Davis, March 16, 1992, in which this office advised that a personnel director's retention of notes which were originally handwritten, but were subsequently typed and kept by the director in his office for two years, "might well be construed by a court as evidence of the director's intent to perpetuate the information contained therein.")
[4] 379 So.2d 633 (Fla. 1980).
[5] 562 So.2d 324 (Fla. 1990).
[6] Id. at 327. Cf., The Justice Coalition v. First District Court ofAppeal Judicial Nominating Commission, 823 So.2d 185 (Fla. 1st DCA 2002) (personal notes of judicial nominating commission members not subject to Public Records Law; personal notes of JNC members exempt from public disclosure under Art. V, s. 11(d), Fla. Const., which exempts JNC deliberations from public scrutiny).
[7] See Inf. Op. to Richard B. Fulwider, dated June 14, 1993.
[8] I would note that the public records discussed in the Informal Opinion cited, supra, were determined to be exempt from public inspection and copying pursuant to s. 447.605(3), Fla. Stat., which exempts the impressions, strategies and opinions of district labor negotiators.
[9] See Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc.,supra.
[10] See City of North Miami v. Miami Herald Publishing Company,468 So.2d 218, 219 (Fla. 1985) (noting application of exemption to "government agency, attorney-prepared litigation files during the pendency of litigation"); and City of Miami Beach v. De Lapp, 472 So.2d 543
(Fla. 3rd DCA 1985) (opposing counsel not entitled to city's legal memoranda as such material is exempt work product). Compare, City ofOrlando v. Desjardins, 493 So.2d 1027, 1028 (Fla. 1986) (trial court must examine city's litigation file in accident case and prohibit disclosure only of those records reflecting mental impression, conclusion, litigation strategy or legal theory of attorney or city).
[11] Sun-Sentinel Company v. City of Hallandale, No. 95-13528(05) (Fla. 17th Cir. Ct. Oct. 11, 1995).
[12] See Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996);Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987), reviewdenied, 520 So.2d 586 (Fla. 1988); Tribune Company v. Public Records,493 So.2d 480, 483 (Fla. 2nd DCA 1986), review denied sub nom., Gillumv. Tribune Company, 503 So.2d 327 (Fla. 1987). Ops. Att'y Gen. Fla. 05-04 (2005), 04-28 (2004), 01-74 (2001), 80-78 (1980).