LAWSON, J.
Robert D. Lewis appeals from the denial of his petition for writ of mandamus directed to the State Attorney. Through his petition, Lewis seeks copies of two deposition transcripts of witnesses deposed in preparation for his criminal trial on the charge of capital sexual battery. Following Lewis’ conviction on the charge, the State used at least one of these transcripts to refresh the recollection of witnesses who testified during an evidentiary hearing on Lewis’ motion for postconviction relief. We find that Lewis is entitled to copies of the transcripts, and reverse the trial court’s order.
In general, section 119.01, Florida Statutes (2006), requires all state agencies to open their public records for inspection and copying. The State Attorney’s Office is an “agency” as defined by section 119.011, Florida Statutes. See State v. Kokal, 562 So.2d 324 (Fla.1990). And, the transcripts fit within the broad definition of “public records” found in section 119.011(11), Florida Statutes. Moreover, the State has not pointed to any statutory exemption from the public records law that would apply to these transcripts after Lewis’ convictions became final. The only basis cited for denying Lewis’ public records request was the holding in Palm Beach Newspapers, Inc. v. Burk, 504 So.2d 378 (Fla.1987).
In Burk, the Florida Supreme Court held that the media did not have a right to pre-trial access to unfiled depositions taken in a criminal case. The court grounded this holding on its finding that “such access would severely undermine our adversarial system.” Id. at 384. The court reasoned: “Providing access to unfiled depositions under the guise of chapter 119 ... would not only present serious constitutional concerns for both the accused and innocent third parties, it would also undermine effective advocacy, as counsel may be inhibited from asking certain questions fearing that damaging or prejudicial information may be published before trial.”
Given the. reasoning that lead to the ruling in Burk, we believe that case to be distinguishable. Burk applies to the media’s request for unfiled depositions made during an ongoing, active criminal prosecution. We see no reason to extend Burk to a request from a defendant for material related to his prosecution, after the case becomes final. See also, Kokal, 562 So.2d at 325 (noting the state attorney’s admission that a convicted criminal defendant who filed a proper public records request was entitled to inspect and copy certain records relating to the state’s case against him, “including ... depositions.”). Therefore, we reverse the order on appeal and remand with directions that the court grant Lewis’ petition. The State Attorney shall be required to provide the transcripts, in accordance with the procedures outlined in chapter 119, Florida Statutes (2006).
REVERSED and REMANDED.
THOMPSON and PALMER, JJ., concur.